# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED KRISTOPHER RYSEDORPH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN, *et al.*,<br><br>　　　　Defendants. | Case No.  1:23-cv-00251-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

Plaintiff Jared Kristopher Rysedorph ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's motion to proceed *in forma pauperis* is pending and the complaint has not yet been screened.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed February 21, 2023.  (ECF No. 3.)  Plaintiff requests appointment of counsel because he is unable to afford counsel, and the issues in this case are too complex for Plaintiff to understand, litigate, and present to a jury.  Plaintiff has made a reasonable attempt to obtain counsel and has limited resources available to him to investigate, retain witnesses, and conduct discovery.  There are other issues, such as improper keeping of medical records, that Plaintiff is unable to properly investigate, and Plaintiff's physical and mental disabilities further limit his capability and access. (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who must obtain discovery and conduct legal research with limited access to a prison law library and limited education in the law. These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened, and therefore the Court cannot evaluate the likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 3), is HEREBY DENIED, without prejudice. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **February 22, 2023**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE