# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED KRISTOPHER RYSEDORPH, | Case No. 1:23-cv-00251-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| JOHN, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| Defendants. | |
| | (ECF No. 4) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jared Kristopher Rysedorph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

**I.     Motion for Preliminary Injunction and Temporary Restraining Order**

On February 21, 2023, Plaintiff filed a motion for preliminary injunction. (ECF No. 4.) Plaintiff requests that the Court issue a preliminary injunction ordering CSATF to either employ a capable institution-based Registered Dietitian to supervise and direct the preparation of outpatient therapeutic diets, or initiate the transfer of all inmates who require outpatient therapeutic diets to facilities that have the capability to employ an institution-based Registered Dietitian and trained dietary staff to supervise and direct the preparation of all outpatient therapeutic diets. Plaintiff

1

argues that there is currently no Registered Dietitian supervising the preparation of outpatient therapeutic diets at CSATF, and if there is, they are endangering the health of dozens of inmates by failing to do their job.  This presents an ongoing risk of substantial harm to Plaintiff and all inmates at CSATF that require outpatient therapeutic diets, some of whom are blind or mentally disabled and may not be aware of the severe risk to their health and wellbeing.  Plaintiff further contends that the exposure of these patients to conditions that pose an unreasonable risk of serious damage to their future health is currently violating their rights under the Eighth Amendment. Plaintiff and other inmates with Celiac Disease continue to receive gluten-containing food in their diets.  (*Id.*)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.*

*United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits.  In addition, no defendant has been ordered served, and no defendant has yet made an appearance.  Thus, at this time the Court lacks personal jurisdiction over Defendants or any other staff at CSATF.

Finally, the relief requested is not "narrowly drawn."  18 U.S.C. § 3626(a)(1)(A).  Plaintiff has requested relief that extends to the rights of other inmates and employment decisions regarding individuals who are not parties to this action.  This relief is not narrowly drawn to address the violations alleged in this action, and cannot be granted.

## II.     Order and Recommendation

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 4), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 22, 2023**                    /s/ Barbara A. McAuliffe          _
                                                            UNITED STATES MAGISTRATE JUDGE