# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED KRISTOPHER RYSEDORPH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00251-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM E-FILING REQUIREMENTS AS MOOT<br><br>(ECF No. 14) |

　　　　Plaintiff Jared Kristopher Rysedorph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On February 21, 2023, Plaintiff filed an initial complaint, motion to proceed *in forma pauperis*, motion to appoint counsel, and motion for preliminary injunction.  (ECF Nos. 1–4.) The motion to proceed *in forma pauperis* was granted, (ECF No. 10), the motion to appoint counsel was denied without prejudice, (ECF No. 9), and the undersigned recommended that the motion for preliminary injunction be denied, (ECF No. 12).  Plaintiff's complaint has not yet been screened.

　　　　Currently before the Court is Plaintiff's motion for relief from e-filing requirements, filed February 28, 2023.  (ECF No. 14.)  Plaintiff states that staff at CSATF are not following e-filing procedures, specifically the librarian did not stamp his originals submitted for e-filing.  When Plaintiff received a stamped copy back from the librarian, the print is so faded that they are unreadable.  Plaintiff states that he has no way of knowing if the Court received them in the same condition or if the Court received and filed the motions attached to his complaint.  Plaintiff requests that the Court exempt him and anyone else on Yards F and G at CSATF from any future

1  requirement to file electronically, due to the staff's breach of procedure.  (*Id.*)

2       First, the Court notes that Plaintiff's motion is unsigned.  Plaintiff is reminded that
3  because Plaintiff is proceeding *pro se* (without an attorney), both the Federal Rules of Civil
4  Procedure and this Court's Local Rules require that all filed pleadings, motions, and papers be
5  signed by the party personally if the party is unrepresented.  Fed. R. Civ. P. 11(a); Local Rule
6  131(b).  Therefore, all future filings submitted to the Court must be include Plaintiff's signature,
7  as well as the date the filing was submitted to prison authorities for mailing.

8       However, the Court finds it appropriate to make a one-time exception and will address the
9  substance of Plaintiff's motion.  As noted above, the Court received Plaintiff's complaint and
10 attached motions, and has already issued orders and findings and recommendations addressing
11 those filings.  Plaintiff's complaint has not yet been screened, but the typewritten pages are
12 legible and there is no need for Plaintiff to submit the complaint again.

13       Finally, Plaintiff's request for an exemption from e-filing requirements is denied as moot.
14 At this time, the Court's Standing Order regarding electronic filing applies only to initial filings,
15 or new complaints.  Therefore, for the remainder of this action, Plaintiff will submit documents
16 by regular mail, as he has done with the instant motion.  If Plaintiff wishes to initiate a new civil
17 action in the future, he may file a request for exemption from the e-filing requirements at that
18 time, which will be reviewed by the judge assigned to the new case.  To the extent Plaintiff
19 requests relief on behalf of other inmates residing on F and G Yards at CSATF, Plaintiff does not
20 have standing to bring claims on behalf other individuals, and that request is denied.

21       Accordingly, Plaintiff's motion for relief from the Court's e-filing procedures, (ECF No.
22 14), is HEREBY DENIED as moot.  Plaintiff's complaint will be screened in due course.

23
24 IT IS SO ORDERED.

25   Dated:  **March 1, 2023**              /s/ *Barbara A. McAuliffe*
26                                           UNITED STATES MAGISTRATE JUDGE

27

28

2