# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED KRISTOPHER RYSEDORPH, | Case No. 1:23-cv-00251-ADA-BAM (PC) |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| v. | |
| JOHN, *et al.*, | |
| Defendants. | (ECF No. 22) |
| | **FORTY-FIVE (45) DAY DEADLINE** |

Plaintiff Jared Kristopher Rysedorph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 5, 2023, the Court screened the first amended complaint and directed Plaintiff to file a second amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 20.) Following an extension of the deadline due to Plaintiff's transfer to a new institution, Plaintiff's response is currently due on or before August 16, 2023.

Currently before the Court is Plaintiff's request for an indefinite extension of the deadline or appointment of counsel, filed July 26, 2023. (ECF No. 22.) Plaintiff states that his right (dominant) hand is broken due to a fall from fainting caused by Celiac disease, and he will send medical records (x-rays and doctor notes) when possible, if necessary. Plaintiff cannot write efficiently, and requests an indefinite extension until his hand is healed, or appointment of

1

1 counsel. (*Id.*)

2 Having considered the request, the Court finds good cause to grant, in part, the requested extension of time. Fed. R. Civ. P. 6(b). The Court does not find that medical records are necessary to support Plaintiff's request. The Court finds that an extension of forty-five days, rather than an indefinite extension, is appropriate under the circumstances. The Court also notes that Plaintiff's first amended complaint was largely typed, and Plaintiff should consider typing his second amended complaint if he remains unable to write with his dominant hand. <u>If Plaintiff finds that he requires additional time to prepare his amended complaint, he may file a motion requesting another extension of time, supported by good cause for the request.</u>

Plaintiff is also reminded that he does not have a constitutional right to appointed counsel in this action, and the Court finds that the circumstances presented here are not the "exceptional circumstances" that warrant appointment of counsel pursuant to section 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). In particular, the Court finds that with an appropriate extension of time, Plaintiff will be able to prepare his amended complaint or other response to the Court's order without the assistance of counsel.

Plaintiff is reminded that any amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by

reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time, (ECF No. 22), is GRANTED IN PART;
2. Plaintiff's motion for appointment of counsel, (ECF No. 22) is DENIED without prejudice;
3. Within **forty-five (45) days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court's July 5, 2023 screening order (or file a notice of voluntary dismissal); and
4. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **July 27, 2023**                    /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE