# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED KRISTOPHER RYSEDORPH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN, *et al.*,<br><br>　　　　　　Defendants. | Case No.  1:23-cv-00251-ADA-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT AND TO ADD SUPPLEMENTAL FACTS<br><br>(ECF No. 26)<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

　　　　Plaintiff Jared Kristopher Rysedorph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On July 5, 2023, the Court screened the first amended complaint and directed Plaintiff to file a second amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 20.) Following two extensions of time due to Plaintiff's broken hand, Plaintiff's response is currently due on or before October 18, 2023. (ECF Nos. 23, 25.)

　　　　Currently before the Court is Plaintiff's request for a third extension of the deadline, filed October 12, 2023. (ECF No. 26.) Plaintiff states that he requests leave to add supplemental facts to the amended complaint that relate directly back to the core issue of staff at CDCR state prisons denying Plaintiff essential treatment for his serious medical condition (celiac disease) and the injuries sustained by Plaintiff due to the denial of treatment. Plaintiff requests that the Court grant his request to file an amended complaint which includes facts concerning events and

information subsequent to those in the initial complaint.  Plaintiff further states that due to conditions of his confinement, his injured hand is still not healed, and he requests a 45-day extension and information from the Court ADA Coordinator.  (*Id.*)

Having considered the request, the Court finds good cause to grant the requested extension of time.  Fed. R. Civ. P. 6(b).  Further, Plaintiff is advised that supplemental facts may be included in Plaintiff's amended complaint if they raise claims arising out of the same conduct, transaction, or occurrence set out in the original complaint.  Fed. R. Civ. P. 15.

However, the Court finds that, in light of the number of extensions already granted for this deadline, Plaintiff's prior assertion that he would have weekly access to a typewriter to accommodate his injured hand, and the fact that Plaintiff's recent motions are handwritten and legible to the Court, **further requests for extension of this deadline will be subject to a narrow interpretation of what constitutes good cause**.

Finally, to the extent Plaintiff's motion requests information regarding ADA accommodations, the Court finds that Plaintiff has demonstrated his ability to continue to communicate with the Court through written motions and with reasonable extensions of time during his recover from his hand injury.  Plaintiff may continue to request such extensions if they are supported by good cause, subject to the limitation stated above.

Plaintiff is reminded that any amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "**complete in itself without reference to the prior or superseded pleading**."

2

Local Rule 220 (emphasis added).  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's third motion for extension of time, (ECF No. 26), is GRANTED;
2. Within **forty-five (45) days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court's July 5, 2023 screening order (or file a notice of voluntary dismissal); and
3. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **October 13, 2023**              /s/ Barbara A. McAuliffe       _
                                                           UNITED STATES MAGISTRATE JUDGE

3