# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED KRISTOPHER RYSEDORPH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00251-KES-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 44) |

　　　　Plaintiff Jared Kristopher Rysedorph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendants Le and Banerjee for deliberate indifference to medical care in violation of the Eighth Amendment.

　　　　Currently before the Court is Plaintiff's motion to appoint counsel, filed July 1, 2024.  (ECF No. 44.)  Plaintiff states that there are multiple exceptional circumstances present in this case that preclude Plaintiff from adequately presenting, litigating, and ultimately pursuing his goal of settling this case without the assistance of legal counsel.  As there are many claims that Defendants deny, extensive documentary discovery, depositions of prison officials, and access to witnesses Plaintiff can no longer reach will most likely be necessary in order to prove those claims.  Plaintiff has no idea how to do this stuff.  It is nearly impossible for one who is unlettered in the law to argue issues regarding expert witnesses, personal involvement of multiple

defendants, the complex defense of qualified immunity, and the denial of Plaintiff's accommodations under federal disability statutes.  Plaintiff lacks experience or education of almost any legal principles, issues, and methods.  Plaintiff only recently obtained a GED.  Plaintiff suffers from multiple mental and physical disabilities that push the proper handling of such a complex case even further out of reach, including attention deficit disorder, major depressive disorder, many complications of his celiac disease, and impaired dexterity of his dominant hand.  Plaintiff has sought to obtain the assistance of counsel from multiple attorneys, and all of them have either declined to assist or have not responded.  (*Id.*)

Defendants have not yet had the opportunity to respond to Plaintiff's motion, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners suffering from serious mental and physical disabilities who must also conduct legal research, obtain discovery, and litigate their cases without the assistance of counsel and with limited access to the law library.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff's complaint was screened and found to state cognizable claims, this does not mean that Plaintiff's claims are likely to succeed on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 44), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **July 2, 2024**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3