# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JARED KRISTOPHER RYSEDORPH, | Case No.  1:23-cv-00251-KES-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS |
| v. | |
| JOHN, *et al.*, | |
| Defendants. | (ECF No. 61) |

## I.    Introduction

Plaintiff Jared Kristopher Rysedorph ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendants Le and Banerjee ("Defendants") for deliberate indifference to medical care in violation of the Eighth Amendment.

Pursuant to the Court's November 21, 2025 order granting Defendants' third stipulation motion to continue discovery cutoff and dispositive motion deadlines, the deadline for completion of discovery was March 2, 2026, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is May 22, 2026.  (ECF No. 60.)

Currently before the Court is Defendants' motion to compel responses to interrogatories and production of documents, filed February 27, 2026.  (ECF No. 61.)  Plaintiff did not file an opposition or otherwise communicate with the Court regarding the motion to compel, and the deadline to do so has expired.  The motion is deemed submitted.  Local Rule 230(l).

///

1

**II.    Defendants' Motion to Compel**

In the motion to compel, Defendants contend that Plaintiff has failed to serve responses to Defendants' interrogatories and requests for production of documents.  Defendants served Plaintiff with the interrogatories and requests for production on May 30, 2025.  (ECF No. 61 at 2; ECF No. 61-1, Catrina Decl. ¶ 2 and Ex. A.)  In July 2025, the Court granted Plaintiff's request for an extension of the discovery cutoff because additional time was needed to respond to Defendants' discovery requests.  (ECF No. 56.)  In September 2025, the Court granted the parties' stipulation to extend the discovery and dispositive motion deadlines a second time to allow Plaintiff additional time to serve responses to Defendants' written discovery due to Plaintiff's purported health issues.  (ECF No. 58.)  In November 2025, the Court granted the parties' stipulation to extend the discovery and dispositive motion deadlines a third time to allow Plaintiff additional time to serve responses to Defendants' written discovery because Plaintiff was hit by a semi-trailer truck and other health issues.  (ECF No. 60.)

According to the motion and supporting declaration of defense counsel, on January 7, 2026, the parties telephonically discussed Plaintiff's discovery responses.  During that call, Plaintiff explained he would send his responses to Defendants' interrogatories and requests for production.  (Catrina Decl. ¶ 3.)

On February 12, 2026, after no responses had been received, defense counsel e-mailed Plaintiff and notified him that Defendants would file a motion to compel if they did not receive his responses by February 23, 2026.  (Catrina Decl. ¶ 4.)  On February 23, 2026, at 5:35 p.m., Plaintiff attempted to e-mail Defendants' counsel links to his access his responses.  (*Id.* ¶ 5.)  On February 24, 2026, at 8:00 a.m., defense counsel clicked on the links but was unable to review Plaintiff's responses.  Defense counsel e-mailed Plaintiff to advise him that Defendants could not access his responses.  (*Id.*)  Defense counsel also advised Plaintiff that he needed to serve his responses in compliance with Federal Rule of Civil Procedure 5(b) and that Defendants never consented to being served by e-mail.  (*Id.*)  Defense counsel gave Plaintiff another chance to produce his responses by February 24, 2026, before filing a motion to compel.  (*Id.*)

On February 24, 2026, Plaintiff again attempted to e-mail links to his discovery responses

2

and stated he would mail serve his responses as well.  (Catrina Decl. ¶ 6.)  Defense counsel again attempted to access Plaintiff's discovery responses using the links provided but was unable to access Plaintiff's discovery responses.  (*Id.*)  Defense counsel responded to Plaintiff's e-mail and informed him that Defendants were still unable to access his discovery responses.  Defense counsel also notified Plaintiff that the responses Plaintiff mailed on February 24, 2026, would likely not be received before the March 2, 2026 discovery cut-off.  Therefore, Defendants would file a motion to compel if they could not access his discovery responses by 5:00 p.m. on February 24, 2026.  (*Id.*)

Later on February 24, 2026, defense counsel received attempted e-mails from Plaintiff, but the files Plaintiff attached were too large.  (Catrina Decl. ¶ 7.)  In response, defense counsel sent Plaintiff a link to upload his discovery responses, which would allow Defendants to at least review the responses.  (*Id.*)  During the afternoon on February 25, 2026, Plaintiff e-mailed defense counsel a screenshot showing that Plaintiff had attempted to send his discovery responses using the link defense counsel sent.  However, defense counsel did not receive any e-mail or other response allowing access to Plaintiff's discovery responses.  (*Id.*)

That same day, defense counsel attempted to send Plaintiff a second link to upload his discovery responses.  (Catrina Decl. ¶ 8.)  During the evening of February 25, 2026, Plaintiff again e-mailed defense counsel a screenshot showing Plaintiff attempted to send his discovery responses using the link defense counsel sent.  Again, defense counsel did not receive any e-mail or other response allowing access to Plaintiff's discovery responses.  (*Id.*)

In response, defense counsel e-mailed Plaintiff on February 26, 2026, that Defendants were still unable to access Plaintiff's discovery responses and would file a motion to compel by March 2, 2026.  (Catrina Decl. ¶ 9.)  Counsel also sought Plaintiff's position on a 21-day extension of the discovery cutoff to allow for further motions to compel, if necessary.  (*Id.*)  As of February 27, 2026, defense counsel had not received Plaintiff's responses to Defendants' interrogatories and requests for productions and has been unable to access any of Plaintiff's attempts to send his discovery responses electronically.  (*Id.* ¶ 10.)

///

3

**A.     Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

Defendants are entitled to discovery regarding any nonprivileged matter relevant to the claims and defenses in this action and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 33(a)(2), 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party is required, to the extent there are no objections, to answer interrogatories separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

In responding to requests for production, Plaintiff must produce documents or other tangible things which are in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal.1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain

the property on demand.") (citation omitted).

**B.      Discussion**

In failing to oppose the motion, Plaintiff has provided no justification for his failure to serve responses to Defendants' interrogatories and requests for production.  Plaintiff also has not identified any objections to Defendants' discovery requests, despite having approximately 9 months to make objections or serve his responses.   The Court recognizes Plaintiff's unsuccessful efforts to e-mail his responses.  However, as defense counsel previously informed Plaintiff, he was required to serve his discovery responses in compliance with Rule 5(b) because Defendants have not agreed to service by e-mail.  Plaintiff therefore remains obligated to comply with the Federal Rules of Civil Procedure, answer interrogatories, and produce documents in response to Defendants' discovery requests.  Fed. R. Civ. P. 33(b)(3), 34(b)(2)(B).  Plaintiff has identified no objections that would alleviate him of this responsibility, and Defendants are entitled to the discovery they seek.  Accordingly, Plaintiff shall be required to serve his responses to Defendants' discovery requests in compliance with Rule 5(b), and not by electronic means.

**III.     Conclusion and Order**

Based on the above, it is HEREBY ORDERED as follows:

1. Defendants' motion to compel Plaintiff's responses to Defendants' interrogatories and requests for production of documents, (ECF No. 61), is GRANTED.

2. On or before **April 7, 2026**, Plaintiff SHALL serve his responses to Defendants' interrogatories and requests for production of documents in compliance with Federal Rule of Civil Procedure 5(b).

3. **If Plaintiff fails to comply with this order, then Defendants are not precluded from seeking appropriate sanctions, up to and including terminating sanctions, pursuant to Federal Rule of Civil Procedure 37(b)(2).**

IT IS SO ORDERED.

Dated:   __**March 31, 2026**__            ____/s/ *Barbara A. McAuliffe*____
                                                                 UNITED STATES MAGISTRATE JUDGE

5